NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO FLORES, ) | CASE NO. CV 16-3534-R |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| ) | MOTION TO REMAND |
| v. ) | |
| ) | |
| STAPLES, INC.; STAPLES CONTRACT ) | |
| AND COMMERCIAL, INC.; GABRIEL ) | |
| HINOJOSA; and DOES 1 - 100, Inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Plaintiff's Motion to Remand, (Dkt. No. 9), which was filed on June 21, 2016. Having been thoroughly briefed by both parties, this Court took the matter under submission on August 10, 2016.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed. 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.

*Id*. Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*.

  Defendant Staples moves this Court to remand the instant action since it argues Gabriel Hinojosa was fraudulently joined by Plaintiff to avoid removal.  Plaintiff's Complaint alleges that Defendant Hinojosa defamed Plaintiff when he told other employees that Plaintiff was "unwilling and/or unable to return to work with or without accommodations." (Compl. ¶ 75). The tort of defamation "requires the intentional publication of a false statement of fact that has a natural tendency to injure the plaintiff's reputation or that causes special damage." *Kinda v. Carpenter*, 247 Cal. App. 4th 1268, 1280 (2016). The parties do not dispute that Defendant Hinojosa's statement regarding Plaintiff's alleged unwillingness to return to work is potentially defamatory; however, Defendant Staples argues that Hinojosa's statement is privileged under California Civil Code. Section 47(c) provides that communication to an interested person concerning the job performance or qualifications of an applicant for employment is privileged so long as such communications are made without malice. Accordingly, Defendant Staples argues that Hinojosa's statements are protected since he was communicating his comments to other Staples' employees who share a common interest in Staples' "running its business and protecting its workplace from abuse."

  Communications made in a commercial setting relating to the conduct of an employee have been held to fall squarely within the qualified privilege for communications to interested persons. *Cuenca v. Safeway San Francisco Employees Fed. Credit Union*, 180 Cal. App. 3d 985, 995 (Ct. App. 1986). For example, in *Deaile v. General Telephone Company of California*, 40 Cal. App. 3d 841 (1974), it was held that an employer may publish to his employees the reasons for termination of another employee, the rationale for the publication being the employer's economic interest in clarifying its policies and preventing future abuses of those policies. In *Kacludis v. GTE Sprint Communications Corp.,* 806 F. Supp. 866, 872 (N.D. Cal. 1992), the court dismissed a claim for defamation against the plaintiff's individually named supervisor, finding that the supervisor's remarks regarding plaintiff's qualifications were presumed to be privileged pursuant to § 47(c).

Here, Defendant Hinojosa's statements related to the reasons of Plaintiff's termination. Discussions or statements made in the context of termination decisions are privileged because they concerned Staples' own economic interest in running its business and protecting its workplace from abuse.  Accordingly, the common interest privilege applied to any such communications.

Finally, Plaintiff argues that it is genuinely entitled to less than $75,000; however, as the facts of this case make clear, the amount in controversy threshold far exceeds that number.  Taking into account Plaintiff's lost wages, emotional distress damages, attorneys' fees, and potentially punitive damages, the $75,000 is easily satisfied.  Accordingly, the amount in controversy is met.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is DENIED.  (Dkt. No. 9).

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant Gabriel Hinojosa is DISMISSED.

Dated: August 11, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE